**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD T. NEWMAN,** | : | |
| | : | |
| **Petitioner** | : | **Civil Action No. 1:06-cv-02231** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **GEORGE PATRICK, et al.** | : | |
| | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Clifford T. Newman ("Newman"), an inmate presently confined at the State Correctional Institution in Houtzdale, Pennsylvania.  (Doc. No. 1.)  In his petition, Newman is challenging his state sentence in the Court of Common Pleas for Centre County, Pennsylvania ("trial court").  For the reasons that follow, the petition will be dismissed as a successive petition under 28 U.S.C. § 2244(b).

I.      <u>Background</u>

The instant petition stems from Newman's 1987 state convictions for two counts of rape, <u>see</u> 18 Pa. Cons. Stat. § 3121; two counts of indecent assault, <u>see</u> 18 Pa. Cons. Stat. § 3126; one count of indecent exposure, <u>see</u> 18 Pa. Cons. Stat. § 3127; and one count of corruption of minors, <u>see</u> 18 Pa. Cons. Stat. § 6301.  The procedural history in this case is extensive.  As such, the Court will relate only the procedural history relevant to the instant petition.

Following the exhaustion of his direct appeal, Newman filed three separate petitions pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), <u>see</u> 42 Pa. Cons. Stat. § 9541, <u>et seq</u>.  The second PCRA petition, filed on January 11, 1996, was denied by the trial court on March 20, 1997.  Newman appealed the denial to the Pennsylvania Superior Court,

which upheld the denial.  Commonwealth v. Newman, No. 399 Harrisburg 1997 (Pa. Super. Ct.

May 5, 1998).  Newman claims that the Superior Court sua sponte raised a timeliness issue,

incorrectly citing the filing date of the PCRA petition as January 23, 1996, rather than January

11, 1996, and failed to give him an opportunity to respond.  No petition for allowance of appeal

was filed with the Pennsylvania Supreme Court.  Newman did, however, file a petition for

reargument on May 19, 1998, which was denied on July 8, 1998.

On September 10, 1998, Newman filed a petition to consider newly discovered evidence

in the Superior Court, raising the issue of whether the Superior Court had cited the incorrect

filing date in its consideration of the denial of Newman's second PCRA petition.  The Superior

Court denied the petition on October 5, 1998, as untimely.

On April 26, 1999, Newman filed a third PCRA petition, which the trial court denied on

June 8, 1999.  Newman then filed two notices of appeal on June 21, 1999, and August 9, 1999,

respectively.  The Superior Court denied relief on December 15, 2000.  Newman's petition for

reargument was denied on February 27, 2001.  In addition, the Pennsylvania Supreme Court

denied Newman's petition for allowance of appeal on July 16, 2001.

Following this denial, Newman filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 in this Court on July 30, 2001.  (See Newman v. McCullough, No. 1:01-cv-01452,

Doc. No. 1 (M.D. Pa. July 30, 2001).)  The petition raised, inter alia, the following claim:

"[Newman's] Constitutional Right to Due Process was violated during [Newman's] second

PCRA petition when the Superior Court of Pennsylvania retroactively applied the amendments

to the Pennsylvania Post Conviction Relief Act."  (Newman, Doc. No. 1, at 7.)  The Court denied

the petition on November 20, 2003.  (Newman, Doc. No. 25.)  On November 2, 2004, the Court

2

denied Newman's motion for a certificate of appealability.  (Newman, Doc. No. 42.)  In addition,

the Court denied Newman's motion to set aside the judgment of this Court on April 13, 2006.

(Newman, Doc. No. 51.)  Newman appealed that order to the Third Circuit Court of Appeals,

requesting a certificate of appealability.  The Third Circuit, however, denied that request on

March 6, 2007.  (Newman, Doc. No. 57.)

On February 27, 2006, Newman filed a "petition to strike judgment" in the Pennsylvania

Superior Court.  Newman was seeking to have stricken the Superior Court's May 5, 1998, order,

based on his contention that the Superior Court improperly denied him his due process rights

when it sua sponte raised the timeliness issue on the PCRA petition without giving him an

opportunity to respond.  The Superior Court denied this petition on March 16, 2006, concluding

that it lacked jurisdiction because Newman had no appeal pending in the court.  Newman's

motion for reconsideration was denied.  In addition, the Pennsylvania Supreme Court denied

Newman's timely petition for allowance of appeal on October 8, 2006.

On November 16, 2006, Newman filed the instant petition for writ of habeas corpus.

(Doc. No. 1.)  Newman claims that his petition does not attack the underlying conviction.

(Id., at 4.)  Rather, the basis for his petition is "The Pa. Superior Court did not have jurisdiction

over the time limits set by the amended PCRA statutes since Petitioner's PCRA petition was

filed on January 11, 1996 and the amended PCRA statutes have an effective date of January 16,

1996 and prohibits [sic] retroactive application."  (Id. at 5.)  Newman acknowledges that he filed

an earlier habeas petition in 2001 at civil docket number 1:01-cv-01452.  However, he contends

that he could not have raised the instant issue at the time he filed his prior habeas petition in

2001 because he is now challenging the Superior Court's March 16, 2006 ruling rather than that

court's May 5, 1998 ruling.  Both habeas petitions, however, assert a denial of due process rights stemming from the Superior Court's May 5, 1998 ruling on Newman's second PCRA petition. In the instant petition, Newman further claims that in March 2006 the Superior Court committed an additional violation of his right to due process by refusing to set aside its May 1998 judgment.

## II.     Discussion

Newman is raising claims in the instant petition that he raised in his prior petition, which was dismissed.  Therefore, the instant petition is a "second or successive" petition under 28 U.S.C. § 2244(b), which generally forbids a litigant from filing a § 2254 petition if that litigant previously filed least one § 2254 petition that was dismissed with prejudice.  Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)").

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that present[ed] no new ground not theretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483 (1991).  § 2244(a) provided:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244(a).

4

In <u>McClesky</u>, the United States Supreme Court expanded § 2244 to preclude a person from raising a new claim in a subsequent habeas petition that could have been raised in a prior habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

499 U.S. at 489. Section 2244 was subsequently amended to provide:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(2)–(3)(A).

In the instant case, as previously noted, Newman filed a prior § 2254 petition in this Court in 2001. His earlier action, which similarly challenged the legality of his 1987 state sentence, was denied by memorandum and order dated November 20, 2003. (<u>See</u> <u>Newman v. McCullough</u>, No. 1:01-cv-01452, Doc. No. 25 (M.D. Pa. July 30, 2001).) After reviewing the instant petition, this

5

Court holds that the petition is a "second or successive" petition because Newman's claim is similar in all respects to the argument raised in his earlier petition.  At the time he filed the habeas petition in this Court in 2001, he was aware of the Superior Court's 1998 ruling.  Here,  Newman has not set forth any explanation as to why the instant claim based on that 1998 ruling was not raised in the first petition before this Court.  Newman's creative approach to challenging the Superior Court's 1998 ruling yet again has not convinced the Court that the instant petition falls within the statutory exceptions outlined above.

Further, there is no indication that Newman applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals, as required under § 2244(b)(2).  Newman's present successive petition cannot be entertained by the Court.  Thus, the habeas petition will be dismissed.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD T. NEWMAN,** | : | |
| | : | |
| **Petitioner** | : | **Civil Action No. 1:06-cv-02231** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **GEORGE PATRICK, et al.** | : | |
| | : | |
| **Respondents.** | : | |

### ORDER

**AND NOW**, this 11th day of January, 2008, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and for the reasons set forth above,

**IT IS HEREBY ORDERED THAT**:

1.  The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1)

    is **DISMISSED** as a second or successive petition under 28 U.S.C. § 2244(b).

2.  The Clerk of Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania