IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD T. NEWMAN,** | : | |
| Petitioner | : | Civil Action No. 1:06-CV-2231 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **GEORGE PATRICK et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Before the Court is Petitioner Clifford T. Newman's motion for reconsideration (Doc. No. 33) of the Court's memorandum and order of January 11, 2008 (Doc. No. 31), dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion for a certificate of appealability. (Doc. No. 34). For the reasons that follow, the motions (Doc. Nos. 33 & 34) will be denied.

**I.   BACKGROUND**

Petitioner, an inmate currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1987 state sentence in the Court of Common Pleas for Centre County, Pennsylvania ("trial court"). In that petition, Petitioner acknowledged that he had previously filed a § 2254 petition in this Court, which was dismissed with prejudice and on the merits. Petitioner, however, claims that he is not attacking the underlying 1987 state sentence in the instant § 2254 petition. Rather, Petitioner claims that he is challenging an appellate decision of the Pennsylvania Superior Court made on March 16, 2006, as a violation of his right to due process.

By memorandum and order dated January 11, 2008, the Court dismissed Petitioner's

habeas petition as a "second or successive" petition under 28 U.S.C. § 2244(b).  (Doc. No. 31.) Specifically, the Court found that Petitioner was asserting a denial of due process rights stemming from the Superior Court's May 5, 1998, ruling on his second petition pursuant to Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546.  Because Petitioner had challenged this Superior Court ruling in his prior § 2254 petition, which was dismissed, the Court held that the instant § 2254 petition was a "second or successive" petition under 28 U.S.C. § 2244(b).

Thereafter, Petitioner filed the instant motion for reconsideration.  (Doc. No. 33.)  After careful review, the Court will deny the motion.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part

on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Petitioner claims that the Court "committed clear error" when it held that the claim presented in his instant § 2254 petition was similar in all respects to the argument raised in his earlier § 2254 petition.  (Doc. No. 33, at 1.)  In support, Petitioner again claims that he is challenging the Superior Court's 2006 ruling rather than the underlying conviction.  (Id. at 1-2.)  Because Petitioner also made this argument in the instant § 2254 petition, the Court considered it before denying the petition.  Further, Petitioner's motion for reconsideration simply restates much of the argument made in his original habeas petition.  Therefore, applying the standard used when a party seeks reconsideration, the Court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration.  Initially, the Court finds no intervening change in controlling law and no error of law or fact.  Additionally, Petitioner's restated arguments do not constitute new evidence that was unavailable when the Court entered judgment.  Thus, the Court finds no basis to reconsider its findings that Petitioner's instant § 2254 petition is a "second or successive" petition under 28 U.S.C. § 2244(b), and will deny the motion for reconsideration.

In light of disposition of the motion for reconsideration (Doc. No. 33), and upon

consideration of the motion for a certificate of appealability (Doc. No. 34) and the record, the Court finds no substantial showing of the denial of a constitutional right and will therefore deny Petitioner's motion for a certificate of appealability.

    An appropriate order will issue.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD T. NEWMAN,** | : | |
| Petitioner | : | Civil Action No. 1:06-CV-2231 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **GEORGE PATRICK et al.,** | : | |
| Respondents | : | |

## ORDER

**AND NOW**, this 1st day of April, 2008, upon consideration of Petitioner's motion for reconsideration (Doc. No. 33) and motion for a certificate of appealability (Doc. No. 34), **IT IS HEREBY ORDERED THAT**:

1. The motion for reconsideration (Doc. No. 33) is **DENIED**.

2. Petitioner's motion for a certificate of appealability (Doc. No. 34) is **DENIED**.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania